[Cite as *State v. Telisman*, 2016-Ohio-1303.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-074** |
| STEVEN S. TELISMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 08 CR 000446.

Judgment: Reversed and remanded.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Harvey B. Bruner*, Harvey B. Bruner Co., LPA, Hoyt Block Building, 700 West St. Clair Avenue, Suite 110, Cleveland, OH 44113 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Steven S. Telisman, appeals from the judgment of the Lake County Court of Common Pleas denying his "motion to terminate probation and lift capias." Because the state of Ohio concedes the merit of appellant's assigned error, we reverse the judgment of the trial court and remand the matter for further proceedings.

{¶2} In December 2008, appellant pleaded guilty to one count of attempted extortion, in violation of Sections R.C. 2923.02 and R.C. 2905.11(A)(4), a felony of the

fifth degree. He was sentenced to 75 days in the county jail and a two-year term of community control. Appellant was subsequently detained by the Department of Homeland Security. After hearings in federal court, appellant was deported from the United States to Canada in March 2009.

{¶3} In May 2009, the state filed a motion to terminate appellant's probation; attached to the motion was an affidavit from the probation department alleging appellant had violated two specific conditions of his probation. On July 9, 2010, the trial court withdrew a previous order of arrest entered by the probation department and issued a judicial warrant for appellant's arrest.

{¶4} In February 2015, appellant filed a "motion to terminate probation and lift capias." The trial court denied the motion. Appellant failed to perfect an appeal within the thirty-day window mandated by App.R. 4(A). This court later granted his motion for leave to file a delayed appeal. Appellant assigns the following error:

{¶5} "The trial court's denial of appellant's motion to terminate probation and lift capias was an abuse of discretion."

{¶6} Appellant contends the trial court erred when it denied his motion to lift the outstanding warrant without a hearing. In particular, he asserts, as a result of his deportation, he was unable to comply with community control conditions; hence, the trial court's refusal to hold a hearing on his motion was an abuse of discretion.

{¶7} The state notes the underlying motion to terminate probation and remove the capias warrant emanated from the state's initial motion to terminate community control. The state further represents that, in the course of preparing for the underlying

2

appeal, it has determined that it will not contest appellant's argument and requests this court to remand the matter to the trial court for further proceedings.

{¶8} Given the respective positions of the parties, we hold the trial court's judgment denying appellant's motion should be reversed and remanded to the trial court for a hearing.

{¶9} Appellant's assignment of error has merit.

{¶10} The judgment of the Lake County Court of Common Pleas is therefore reversed and remanded for further proceedings.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

3